IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

MEGAN HOFFMANN KOLB,
Personal Administrator for the
Estate of DEAN HENRY
HOFFMANN, Deceased,

        Plaintiff,

      v.                      Case No. 24-CV-160

WISCONSIN DEPARTMENT OF
CORRECTIONS, et al.,

        Defendants.

---

## DEFENDANTS' ANSWER TO
## PLAINTIFF'S SECOND AMENDED COMPLAINT (DKT. 32-1.)

---

Defendants Wisconsin Department of Corrections, Kevin Carr, Jared Hoy, Yana Pusich, Kristina DeBlanc, Nathan Pach, and Randall Hepp[1], by their attorneys, Attorney General Joshua L. Kaul and Assistant Attorneys General Brandon T. Flugaur and Samir S. Jaber, answer Plaintiff's Second Amended Complaint (Dkt. 32-1) as follows:

---

[1] The Second Amended Complaint (32-1) does not list Ann York as a Defendant. She is identified only in the caption of the Motion for Leave to Amend the Complaint (Dkt. 32) which reflects the caption from the prior pleadings.

1

## INTRODUCTION

1.      Defendants DENY violating any of Plaintiff's rights and engaging in any unlawful actions. The remaining allegations state a legal conclusion to which no response is required. To the extent any response is required, Defendants DENY.

2.      Defendants ADMIT Dean Hoffman died on June 29, 2023; ADMIT Hoffman was incarcerated at Waupun Correctional Institution; lack knowledge or information sufficient to form a belief as to the truth of how Hoffmann died because Defendants did not have a signed medical authorization allowing disclosure of Hoffman's medical information at the time of this answer, and therefore DENY; DENY violating any of Plaintiff's rights and engaging in any unlawful action.

3.      Defendants affirmatively allege this allegation sets forth a legal conclusion to which no response is required.

4.      Defendants affirmatively allege this allegation sets forth a legal conclusion to which no response is required.

5.      Defendants affirmatively allege this allegation sets forth a legal conclusion to which no response is required.

6.      Defendants LACK KNOWLEDGE to admit or deny these allegations and therefore DENY.

7.      Defendants LACK KNOWLEDGE to admit or deny these allegations and therefore DENY.

8.      Defendants DENY.

9. Defendants LACK KNOWLEDGE to admit or deny these allegations and therefore DENY.

10. Defendants affirmatively allege this allegation sets forth a legal conclusion to which no response is required. To the extent any response is required, Defendants DENY.

11. Defendants DENY.

12. Defendants DENY.

13. Defendants DENY.

14. Defendants DENY.

15. Defendants DENY.

16. Defendants DENY.

17. Defendants affirmatively allege this allegation sets forth a legal conclusion to which no response is required. To the extent any response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation because at the time of this answer Defendants did not have a signed medical authorization allowing disclosure of Plaintiff's medical information, and therefore, DENY. Defendants DENY that they violated Plaintiff's rights.

18. Defendants affirmatively allege this allegation sets forth a legal conclusion to which no response is required. To the extent any response is required, Defendants aver that the public record regarding those criminal matters speaks for itself.

19. Defendants DENY.

3

20.     Defendants affirmatively allege this allegation sets forth a legal conclusion to which no response is required. To the extent any response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation because at the time of this answer Defendants did not have a signed medical authorization allowing disclosure of Plaintiff's medical information, and therefore, DENY. Defendants DENY that they violated Plaintiff's rights.

21.     Defendants affirmatively allege this allegation sets forth a legal conclusion to which no response is required. To the extent any response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation because at the time of this answer Defendants did not have a signed medical authorization allowing disclosure of Plaintiff's medical information, and therefore, DENY. Defendants DENY that they violated Plaintiff's rights.

22.     Defendants affirmatively allege this allegation sets forth a legal conclusion to which no response is required. To the extent any response is required, Defendants DENY.

23.     Defendants affirmatively allege this allegation sets forth a legal conclusion to which no response is required. To the extent any response is required, Defendants DENY. Defendants DENY violating any of Plaintiff's rights and engaging in any unlawful actions; DENY Plaintiff is entitled to any of the relief that it seeks.

24.     Defendants affirmatively allege this allegation sets forth a legal conclusion to which no response is required. To the extent any response is required,

Defendants DENY. Defendants DENY violating any of Plaintiff's rights and engaging in any unlawful actions; DENY Plaintiff is entitled to any of the relief that it seeks.

## JURISDICTION AND VENUE

25.     Subject to and without waiving Defendants' defenses as stated below, Defendants ADMIT this Court has jurisdiction over Plaintiff's constitutional claims in this lawsuit.

26.     Defendants ADMIT the Eastern District of Wisconsin is the appropriate venue.

## PARTIES

27.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation, and therefore, DENY.

28.     Defendants ADMIT Carr was the Secretary of the Wisconsin Department of Corrections from January 7, 2019 through March 5, 2024; ADMIT the Secretary is responsible for the management of the Wisconsin Department of Corrections.

29.     Defendants DENY.

30.     Defendants DENY.

31.     Defendants DENY.

32.     Defendants DENY.

33.     Defendants ADMIT only that Carr was the Secretary of the Wisconsin Department of Corrections from January 7, 2019 through March 5, 2024, and DENY the remaining allegations.

5

34.    Defendants ADMIT.

35.    Defendants DENY.

36.    Defendants DENY.

37.    Defendants DENY.

38.    Defendants DENY.

39.    Defendants ADMIT Pusich is the Security Director at Waupun Correctional Institution (Waupun); DENY Pusich reviewed an incident report on June 20, 2023 and affirmatively allege Pusich reviewed a conduct report on June 20, 2023.

40.    Defendants DENY.

41.    Defendants DENY.

42.    Defendants DENY.

43.    Defendants ADMIT DeBlanc is a psychological associate at Waupun; lack knowledge or information sufficient to form a belief as to the truth of the remaining allegation because at the time of this answer Defendants did not have a signed medical authorization allowing disclosure of Plaintiff's medical information, and therefore, DENY.

44.    Defendants DENY.

45.    Defendants ADMIT Pach was a correctional officer at Waupun; DENY the remaining allegation.

46.    Defendants DENY.

6

47. Defendants LACK KNOWLEDGE necessary to admit or deny the allegations and therefore DENY.

48. Defendants LACK KNOWLEDGE necessary to admit or deny the allegations and therefore DENY.

49. Defendants LACK KNOWLEDGE necessary to admit or deny the allegations and therefore DENY.

50. Defendants LACK KNOWLEDGE necessary to admit or deny the allegations and therefore DENY.

51. Defendants LACK KNOWLEDGE necessary to admit or deny the allegations and therefore DENY.

52. Defendants ADMIT.

53. Defendants ADMIT Hepp was the Warden of Waupun, and as Warden, he serves as the chief executive officer of Waupun who is responsible for the planning, operation, direction and management of Waupun; assert that the remaining allegations constitute legal conclusions and therefore DENY any remaining allegations.

54. Defendants affirmatively allege this allegation sets forth a legal conclusion to which no response is required. To the extent any response is required, Defendants DENY.

55. Defendants affirmatively allege this allegation sets forth a legal conclusion to which no response is required.

7

56.    Defendants affirmatively allege this allegation sets forth a legal conclusion to which no response is required.

## FACTUAL ALLEGATIONS

57.    Defendants ADMIT.

58.    Defendants DENY to the extent this paragraph states a legal conclusion.

59.    Defendants DENY to the extent this paragraph states a legal conclusion.

60.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation because at the time of this answer Defendants did not have a signed medical authorization allowing disclosure of Plaintiff's medical information, and therefore, DENY.

61.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation because at the time of this answer Defendants did not have a signed medical authorization allowing disclosure of Plaintiff's medical information, and therefore, DENY.

62.    Defendants ADMIT.

63.    Defendants ADMIT.

64.    Defendants ADMIT the Warden serves as the chief executive officer of Waupun who is responsible for the planning, operation, direction and management of Waupun; DENY any remaining allegations.

65.    Defendants DENY to the extent this paragraph states a legal conclusion.

66.    Defendants DENY.

67. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation because at the time of this answer Defendants did not have a signed medical authorization allowing disclosure of Plaintiff's medical information, and therefore, DENY.

68. Defendants ADMIT Hoffman arrived at Waupun on April 10, 2023; DENY all remaining allegations.

69. Defendants DENY.

70. Defendants lack sufficient knowledge and information to form a belief as to the truth of what the Milwaukee Journal Sentinel reported, and therefore DENY.

71. Defendants lack sufficient knowledge and information to form a belief as to the truth of what the Milwaukee Journal Sentinel reported, and therefore DENY.

72. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation because at the time of this answer Defendants do not have a signed medical authorization allowing disclosure of Plaintiff's medical information, and therefore, DENY.

73. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation because at the time of this answer Defendants do not have a signed medical authorization allowing disclosure of Plaintiff's medical information, and therefore, DENY.

74.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation because at the time of this answer Defendants do not have a signed medical authorization allowing disclosure of Plaintiff's medical information, and therefore, DENY.

75.     Defendants lack knowledge or information sufficient to form a belief as to the truth of what Hoffman told his family, and therefore DENY.

76.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation, and therefore, DENY.

77.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation because at the time of this answer Defendants do not have a signed medical authorization allowing disclosure of Plaintiff's medical information, and therefore, DENY.

78.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation because at the time of this answer Defendants do not have a signed medical authorization allowing disclosure of Plaintiff's medical information, and therefore, DENY.

79.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation, and therefore, DENY.

80.     Defendants ADMIT.

81.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation, and therefore, DENY.

82.     Defendants ADMIT.

83.     Defendants ADMIT.

84.     Defendants ADMIT.

85.     Defendants ADMIT Hoffman was handcuffed and taken to the restrictive status housing unit (RHU); DENY the remaining allegations.

86.     Defendants affirmatively allege this allegation states a legal conclusion to which no response is required. To the extent any response is required, Defendants DENY Wis. Stat. § 302.40 applies to Waupun; affirmatively allege the statute speaks for itself.

87.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation because at the time of this answer Defendants did not have a signed medical authorization allowing disclosure of Plaintiff's medical information, and therefore, DENY.

88.     Defendants affirmatively allege this allegation states a legal conclusion to which no response is required.

89.     Defendants ADMIT.

90.     Defendants DENY.

91.     Defendants DENY.

92.     Defendants affirmatively allege this allegation states a legal conclusion to which no response is required.

93.     Defendants affirmatively allege this allegation states a legal conclusion to which no response is required.

94.     Defendants affirmatively allege this allegation states a legal conclusion to which no response is required.

95.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation because at the time of this answer Defendants did not have a signed medical authorization allowing disclosure of Plaintiff's medical information, and therefore, DENY.

96.     Defendants DENY.

97.     Defendants DENY Hoffman was placed in "solitary confinement" and affirmatively allege Hoffman was in temporary lockup status (TLU); lack knowledge or information sufficient to form a belief as to the truth of the remaining allegation, and therefore DENY.

98.     Defendants DENY Hoffman was placed in "solitary confinement" and affirmatively allege Hoffman was in temporary lockup status (TLU); Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegation because at the time of this answer Defendants did not have a signed medical authorization allowing disclosure of Plaintiff's medical information, and therefore, DENY.

99.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation because at the time of this answer Defendants did not have a signed medical authorization allowing disclosure of Plaintiff's medical information, and therefore, DENY.

100.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation because at the time of this answer Defendants did not have a signed medical authorization allowing disclosure of Plaintiff's medical information, and therefore, DENY.

101.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation because at the time of this answer Defendants did not have a signed medical authorization allowing disclosure of Plaintiff's medical information, and therefore, DENY.

102.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation because at the time of this answer Defendants did not have a signed medical authorization allowing disclosure of Plaintiff's medical information, and therefore, DENY.

103.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation because at the time of this answer Defendants did not have a signed medical authorization allowing disclosure of Plaintiff's medical information, and therefore, DENY.

104.    Defendants lack knowledge or information sufficient to form a belief as to the truth of what an inmate near Hoffman told staff, and therefore, DENY; lack knowledge or information sufficient to form a belief as to the truth of the remaining allegation because at the time of this answer Defendants did not have a signed medical authorization allowing disclosure of Plaintiff's medical information, and therefore, DENY.

105. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation, and therefore, DENY.

106. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation because at the time of this answer Defendants did not have a signed medical authorization allowing disclosure of Plaintiff's medical information, and therefore, DENY.

107. Defendants DENY.

108. Defendants DENY Hoffman was in "solitary confinement" and affirmatively allege he was in TLU; DENY Pusich reviewed an incident report and affirmatively allege Pusich reviewed a conduct report on June 27, 2023; DENY any remaining allegations.

109. Defendants ADMIT that a boxed was on the conduct report was checked indicating that the June 20, 2023 incident created "a risk of serious disruption at the facility or community." DENY remainder.

110. Defendants ADMIT.

111. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation because at the time of this answer Defendants did not have a signed medical authorization allowing disclosure of Plaintiff's medical information, and therefore, DENY.

112. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation, and therefore, DENY.

113.    Defendants lack knowledge or information sufficient to form a belief as to the truth of what an officer observed, and therefore, DENY; DENY any remaining allegations.

114.    Defendants ADMIT.

115.    Defendants ADMIT that the officer did not open the trap; DENY the officer failed to open to the trap; affirmatively allege there was no expectation for the officer to open the trap.

116.    Defendants ADMIT Hoffman was found unresponsive.

117.    Defendants DENY.

118.    Defendants ADMIT that the officer's report indicated "Inmate Hoffman appeared to be pale, cold to touch, and both eyes open;" DENY any remaining allegations.

119.    Defendants DENY.

120.    Defendants DENY.

121.    Defendants ADMIT.

122.    Defendants ADMIT EMT personnel arrived on scene at 0707 hours.

123.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation because at the time of this answer Defendants did not have a signed medical authorization allowing disclosure of Plaintiff's medical information, and therefore, DENY.

124.    Defendants ADMIT.

125. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation, and therefore, DENY.

126. Defendants DENY.

127. Defendants ADMIT.

128. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation because at the time of this answer Defendants did not have a signed medical authorization allowing disclosure of Plaintiff's medical information, and therefore, DENY.

## APPLICABLE LEGAL STANDARDS

129. Defendants incorporate their responses to paragraphs 1-128 above.

130. Defendants affirmatively allege this allegation states a legal conclusion to which no response is required. To the extent any response is required, Defendants DENY.

131. Defendants DENY.

132. Defendants DENY.

133. Defendants affirmatively allege this allegation states a legal conclusion to which no response is required. To the extent any response is required, Defendants DENY.

134. Defendants affirmatively allege this allegation states a legal conclusion to which no response is required. To the extent any response is required, Defendants DENY.

16

135. Defendants affirmatively allege this allegation states a legal conclusion to which no response is required. To the extent any response is required, Defendants DENY.

## COUNT I – VIOLATION OF THE EIGHTH AMENDMENT

136. Defendants incorporate their responses to paragraphs 1-135.

137. Defendants affirmatively allege this allegation states a legal conclusion to which no response is required. To the extent any response is required, Defendants DENY.

138. Defendants affirmatively allege this allegation states a legal conclusion to which no response is required. To the extent any response is required, Defendants DENY.

139. Defendants affirmatively allege this allegation states a legal conclusion to which no response is required. To the extent any response is required, Defendants DENY.

140. Defendants affirmatively allege this allegation states a legal conclusion to which no response is required. To the extent any response is required, Defendants DENY.

141. Defendants affirmatively allege this allegation states a legal conclusion to which no response is required. To the extent any response is required, Defendants DENY.

142.     Defendants affirmatively allege this allegation states a legal conclusion to which no response is required. To the extent any response is required, Defendants DENY.

143.     Defendants affirmatively allege this allegation states a legal conclusion to which no response is required. To the extent any response is required, Defendants DENY.

144.     Defendants affirmatively allege this allegation states a legal conclusion to which no response is required. To the extent any response is required, Defendants DENY.

145.     Defendants affirmatively allege this allegation states a legal conclusion to which no response is required. To the extent any response is required, Defendants DENY.

146.     Defendants affirmatively allege this allegation states a legal conclusion to which no response is required. To the extent any response is required, Defendants DENY.

147.     Defendants affirmatively allege this allegation states a legal conclusion to which no response is required. To the extent any response is required, Defendants DENY.

148.     Defendants affirmatively allege this allegation sets forth a legal conclusion to which no response is required. To the extent any response is required, Defendants DENY. Defendants DENY violating any of Plaintiff's rights and engaging in any unlawful actions; DENY Plaintiff is entitled to any of the relief that it seeks.

149. Defendants affirmatively allege this allegation sets forth a legal conclusion to which no response is required. To the extent any response is required, Defendants DENY. Defendants DENY violating any of Plaintiff's rights and engaging in any unlawful actions; DENY Plaintiff is entitled to any of the relief that it seeks.

150. Defendants affirmatively allege this allegation sets forth a legal conclusion to which no response is required. To the extent any response is required, Defendants DENY. Defendants DENY violating any of Plaintiff's rights and engaging in any unlawful actions; DENY Plaintiff is entitled to any of the relief that it seeks.

## COUNT II – GROSS NEGLIGENCE

151. Defendants incorporate their responses to paragraphs 1-150.

152. Defendants affirmatively allege this allegation states a legal conclusion to which no response is required. To the extent any response is required, Defendants DENY.

153. Defendants affirmatively allege this allegation states a legal conclusion to which no response is required. To the extent any response is required, Defendants DENY.

154. Defendants affirmatively allege this allegation sets forth a legal conclusion to which no response is required. To the extent any response is required, Defendants DENY. Defendants DENY violating any of Plaintiff's rights and engaging in any unlawful actions; DENY Plaintiff is entitled to any of the relief that it seeks.

## COUNT III – NEGLIGENT HIRING

155.    Defendants incorporate their responses to paragraphs 1-154.

156.    Defendants affirmatively allege this allegation states a legal conclusion to which no response is required. To the extent any response is required, Defendants DENY.

157.    Defendants affirmatively allege this allegation states a legal conclusion to which no response is required. To the extent any response is required, Defendants DENY.

158.    Defendants affirmatively allege this allegation states a legal conclusion to which no response is required. To the extent any response is required, Defendants DENY.

159.    Defendants affirmatively allege this allegation states a legal conclusion to which no response is required. To the extent any response is required, Defendants DENY.

160.    Defendants affirmatively allege this allegation states a legal conclusion to which no response is required. To the extent any response is required, Defendants DENY.

161.    Defendants affirmatively allege this allegation states a legal conclusion to which no response is required. To the extent any response is required, Defendants DENY.

162.    Defendants affirmatively allege this allegation sets forth a legal conclusion to which no response is required. To the extent any response is required,

Defendants DENY. Defendants DENY violating any of Plaintiff's rights and engaging in any unlawful actions; DENY Plaintiff is entitled to any of the relief that it seeks.

163.    Defendants affirmatively allege this allegation states a legal conclusion to which no response is required. To the extent any response is required, Defendants DENY.

164.    Defendants affirmatively allege this allegation sets forth a legal conclusion to which no response is required. To the extent any response is required, Defendants DENY. Defendants DENY violating any of Plaintiff's rights and engaging in any unlawful actions; DENY Plaintiff is entitled to any of the relief that it seeks.

## COUNT IV – NEGLIGENT SUPERVISION AND TRAINING

165.    Defendants incorporate their responses to paragraphs 1-164.

166.    Defendants affirmatively allege this allegation states a legal conclusion to which no response is required.

167.    Defendants affirmatively allege this allegation states a legal conclusion to which no response is required.

168.    Defendants affirmatively allege this allegation states a legal conclusion to which no response is required.

169.    Defendants affirmatively allege this allegation states a legal conclusion to which no response is required. To the extent any response is required, Defendants DENY.

170. Defendants affirmatively allege this allegation states a legal conclusion to which no response is required. To the extent any response is required, Defendants DENY.

171. Defendants affirmatively allege this allegation states a legal conclusion to which no response is required. To the extent any response is required, Defendants DENY.

172. Defendants affirmatively allege this allegation states a legal conclusion to which no response is required. To the extent any response is required, Defendants DENY.

173. Defendants affirmatively allege this allegation states a legal conclusion to which no response is required. To the extent any response is required, Defendants DENY.

174. Defendants affirmatively allege this allegation sets forth a legal conclusion to which no response is required. To the extent any response is required, Defendants DENY. Defendants DENY violating any of Plaintiff's rights and engaging in any unlawful actions; DENY Plaintiff is entitled to any of the relief that it seeks.

175. Defendants affirmatively allege this allegation sets forth a legal conclusion to which no response is required. To the extent any response is required, Defendants DENY. Defendants DENY violating any of Plaintiff's rights and engaging in any unlawful actions; DENY Plaintiff is entitled to any of the relief that it seeks.

## COUNT V – NEGLIGENT RETENTION

176. Defendants incorporate their responses to paragraphs 1-175.

177. Defendants affirmatively allege this allegation states a legal conclusion to which no response is required.

178. Defendants affirmatively allege this allegation states a legal conclusion to which no response is required.

179. Defendants affirmatively allege this allegation states a legal conclusion to which no response is required. To the extent any response is required, Defendants DENY.

180. Defendants affirmatively allege this allegation states a legal conclusion to which no response is required. To the extent any response is required, Defendants DENY.

181. Defendants affirmatively allege this allegation states a legal conclusion to which no response is required. To the extent any response is required, Defendants DENY.

182. Defendants affirmatively allege this allegation states a legal conclusion to which no response is required. To the extent any response is required, Defendants DENY.

183. Defendants affirmatively allege this allegation states a legal conclusion to which no response is required. To the extent any response is required, Defendants DENY.

184. Defendants affirmatively allege this allegation states a legal conclusion to which no response is required. To the extent any response is required, Defendants DENY.

185.   Defendants affirmatively allege this allegation sets forth a legal conclusion to which no response is required. To the extent any response is required, Defendants DENY. Defendants DENY violating any of Plaintiff's rights and engaging in any unlawful actions; DENY Plaintiff is entitled to any of the relief that it seeks.

186.   Defendants affirmatively allege this allegation sets forth a legal conclusion to which no response is required. To the extent any response is required, Defendants DENY. Defendants DENY violating any of Plaintiff's rights and engaging in any unlawful actions; DENY Plaintiff is entitled to any of the relief that it seeks.

## WAIVER OF GOVERNMENTAL IMMNUITY AND PUNITIVE DAMAGES

187.   Defendants incorporate their responses to paragraphs 1-186.

188.   Defendants affirmatively allege this allegation sets forth a legal conclusion to which no response is required. To the extent any response is required, Defendants DENY.

189.   Defendants affirmatively allege this allegation sets forth a legal conclusion to which no response is required. To the extent any response is required, Defendants DENY.

190.   Defendants affirmatively allege this allegation sets forth a legal conclusion to which no response is required. To the extent any response is required, Defendants DENY.

## JURY DEMAND

Defendants request a trial by jury.

## OTHER

Defendants DENY any and all allegations in Plaintiff's Second Amended Complaint (Dkt. 32) not specifically answered above. Defendants DENY violating any of Plaintiff's rights and engaging in any unlawful actions; DENY Plaintiff is entitled to any of the relief that it seeks.

## AFFIRMATIVE DEFENSES

As and for the affirmative defenses in this action, Defendants state as follows:

1.      All or portions of Plaintiff's complaint may be dismissed to the extent that the decedent Plaintiff Hoffman, represented through his estate, failed to exhaust administrative remedies.

2.      To the extent that Defendants are named in their personal capacity, all or portions of Plaintiff's complaint must be dismissed pursuant to the doctrine of qualified immunity.

3.      To the extent that Defendants are named in their official capacity, all or portions of Plaintiff's complaint must be dismissed pursuant to the doctrine of sovereign immunity and the Eleventh Amendment to the United States Constitution.

4.      This action may be subject to the limitations and provisions of 42 U.S.C. § 1997e.

5.      Portions of this action are subject to the limitations and provisions of Wis. Stat. § 893.82.

6.      All or portions of Plaintiff's Second Amended Complaint must be dismissed due to the plaintiff's failure to mitigate his damages.

7.      All or portions of Plaintiff's Second Amended Complaint must be dismissed due to the plaintiff's failure to state a claim upon which relief can be granted.

**WHEREFORE**, the Defendants demand judgment dismissing Plaintiff's Second Amended Complaint (Dkt. 32-1) on the merits with prejudice, and for such other relief as the court deems just and proper, including the award of Defendants' reasonable attorney fees and expenses.

Dated: February 24, 2025.

Respectfully submitted,

JOSHUA L. KAUL
Attorney General of Wisconsin

s/Samir S. Jaber
SAMIR S. JABER
Assistant Attorney General
State Bar #1076522

BRANDON T. FLUGAUR
Assistant Attorney General
State Bar #1074305


Attorneys for Defendants Wisconsin
Department of Corrections, Kevin Carr,
Jared Hoy, Randall Hepp, Yana Pusich,
Nathan Pach, Ann York, Kristina deBlanc

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-1780 (Flugaur)
(608) 267-2229 (Jaber)
(608) 294-2907 (Fax)
flugaurbt@doj.state.wi.us
jaberss@doj.state.wi.us